UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL DICKERSON III,<br><br>Plaintiff,<br><br>v.<br><br>ABERDEEN SCHOOL DISTRICT NO. 5,<br><br>Defendant. | No. 3:10-cv-5886<br><br>COMPLAINT |

## I.   INTRODUCTION

1.  For six years, from 2003 when he entered junior high until 2009 when he graduated from high school, Plaintiff Russell Dickerson III was subjected to severe and pervasive harassment on the basis of his race, sex, and perceived sexual orientation by other students in the Aberdeen School District. Administrators and others in the Aberdeen School District were aware of the harassment and had the duty and authority to institute corrective measures, but they unreasonably and deliberately failed to take steps reasonably calculated to end it. As a result of Defendant's unreasonable and deliberate indifference to the harassment, Plaintiff was deprived of educational opportunities and has suffered severe psychological harm.

*Complaint (3:10-cv-5886) - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

2.     Plaintiff Russell Dickerson III brings this action seeking monetary damages from Defendant.  Plaintiff seeks damages to compensate him for the harm that is a direct and proximate result of the Defendant's unreasonable and deliberate indifference to the severe and pervasive harassment.

## II.     PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff Russell Dickerson III, a nineteen-year-old African American man, is, and at all pertinent times was, a resident of Aberdeen, Washington.

4.     Plaintiff was a student in the Aberdeen School District.  Plaintiff attended Miller Junior High School from September 2003 through June 2005, and Aberdeen High School from September 2005 until his graduation in June 2009.  Both schools are within the Aberdeen School District.

5.     Defendant Aberdeen School District No. 5 (the "School District") is a school district located in Grays Harbor County, Washington.  Pursuant to R.C.W. 28A.320.010, the School District is a corporate body that possesses all the usual powers of a public corporation and may sue and be sued and transact all business necessary for maintaining and protecting the rights of the School District.  The School District controls and operates Aberdeen High School and Miller Junior High School.

6.     The School District receives federal financial assistance from the United States Department of Education.  Consequently, the School District is subject to suit under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

7.     The School District is entrusted with the responsibility for creating and maintaining an educational environment that is physically and psychologically safe for

*Complaint (3:10-cv-5886) - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

students. The School District is also entrusted with the responsibility for making policy and for implementing disciplinary, anti-harassment, and anti-discrimination laws and policies. Further, the School District is also entrusted with the responsibility for enforcing, and ensuring that its subordinates, agents, and employees enforce, such laws and policies by taking prompt remedial action following acts of inappropriate behavior, harassment, or discrimination against students.

8.   The School District failed to make, implement, enforce, and failed to ensure that its subordinates, agents, and employees enforced, the above-described laws and policies or to take necessary and prompt remedial action following knowledge or reports of harassment and discrimination.

9.   This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because this action seeks a civil remedy under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.  The Court has supplemental jurisdiction over state law claims made herein pursuant to 28 U.S.C. § 1367.

10.   The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and R.C.W. 49.60.030.

11.   On or about August 1, 2008, Plaintiff provided the School District with notice of his tort claims pursuant to R.C.W. 4.96.020.

12.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### III.   FACTS

13.   Beginning in 2003, when Plaintiff entered the seventh grade at Miller Junior High School, and until his graduation from Aberdeen High School in June 2009, Plaintiff was

*Complaint (3:10-cv-5886) - 3*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

repeatedly harassed by other students enrolled in the Aberdeen School District on the basis of race, sex, and perceived sexual orientation.  Plaintiff also faced retaliation from students after reporting incidents of harassment to school officials.

### A.   HARASSMENT AT MILLER JUNIOR HIGH SCHOOL

14.   As a student at Miller Junior High School, Plaintiff was called derogatory names by other students.  Among other incidents, Plaintiff found notes in his backpack and taped to his back, calling him "stupid nigger," "dickass," and "dog."

15.   Other students at Miller Junior High threw food at Plaintiff, stole his school supplies, and spit on his lunch tray.

16.   In or around April 2004, in the spring of Plaintiff's seventh grade year, three students pushed Plaintiff to the floor in the school hallway and smashed a raw egg on his head. On information and belief, only one of the students was disciplined.

17.   The harassment continued throughout the spring of Plaintiff's seventh grade year. In May and June 2004, an assistant principal at Miller Junior High School wrote to the principal, stating that Plaintiff was continuing to be harassed and asking for ideas on how to help protect Plaintiff.

18.   The School District's Superintendant was aware of the harassment against Plaintiff occurring at Miller Junior High School, but was deliberately indifferent to it and took no steps reasonably calculated to put an end to it.

19.   When Plaintiff returned to Miller Junior High School in the fall of 2004 for his eighth grade year, the harassment began again.  Other students shot rubber bands and other items at him, tripped him in the hallways, threw food at him in the cafeteria, and flung spitballs at him on the bus.

*Complaint (3:10-cv-5886) - 4*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

20.     In or around the fall of 2004, Plaintiff found notes in his locker and in his school binder calling him names, including "asshole," "BitchFace!," "shithead," "dumbfucker," and "fuckass."

21.     Plaintiff and his parents reported the harassment to the school administrators, but the administrators failed to take steps reasonably calculated to end the harassment.

22.     In or around the fall of 2004, an assistant principal recommended that Plaintiff consider changing his style of dress to avoid further harassment.

23.     Only after Plaintiff's father went to the school board did the School District initiate a formal investigation of the ongoing harassment.

24.     The School District hired a school insurance professional to conduct the investigation. The investigator concluded that Plaintiff had been harassed but recommended no adjustments to the School District's anti-harassment policies or its implementation of them.

**B.     HARASSMENT AT ABERDEEN HIGH SCHOOL**

25.     At Aberdeen High School, Plaintiff continued to be subjected to harassment by other students. Plaintiff was called names by other students, including: "nigger," "nappy ho," "Rusty Dickskinner," "faggot," "gay," "Shake-n-Bake," and "fat ass heifer."

26.     Plaintiff endured harassing comments made by other students enrolled in the School District because of his race, because of his sex, and because he did not fit gender stereotypes for a young man and was perceived to be gay. He endured comments about his physical appearance and his perceived sexual orientation, including: "you got quite a bust going on," "[Plaintiff] enjoys being around boys, watching their dicks fly," and "hey girl, I like my fish squirmy."

*Complaint (3:10-cv-5886) - 5*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

27. Plaintiff was physically harassed by other students enrolled in the School District. Students pinched and fondled his chest, spit on his head, and threw things at him.

28. In or around the spring or summer of 2007, students enrolled in the School District created a website impersonating and mocking Plaintiff and his perceived sexual orientation, and posted harassing and threatening racist comments on this website. On information and belief, in or around the fall of 2007, students discussed the website on school grounds. Though aware of the harassment and threats on the website, the School District did nothing to prevent or mitigate the continuing harassment on school grounds or the foreseeable retaliation resulting from Plaintiff's reporting of the website, even after receiving notice that the Grays Harbor Superior Court had issued a no contact order against one of the harassers involved who had threatened on the website to lynch Plaintiff.

29. Plaintiff became the target of retaliatory harassment by other students enrolled in the School District after reporting the website to school authorities.

30. In or around the fall of 2007 and spring of 2008, Plaintiff was regularly harassed by other students in the hallways and in class at Aberdeen High School.

31. Plaintiff was called "nigger" and heard students using that word in the hallways and cafeteria in Aberdeen High School.

32. Confederate flags were regularly visible on Aberdeen High School grounds. A group of students at the high school adopted the name of the "Hick Boys" and displayed the Confederate flags on their vehicles in the school parking lot.

33. In December 2007, one of Plaintiff's teachers wrote to school administrators, reporting that Plaintiff was being harassed by another student and asking for support for Plaintiff. The School District ignored and was unreasonably and deliberately indifferent to

*Complaint (3:10-cv-5886) - 6*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1   this report of harassment, and failed to take any actions reasonably calculated to end the
2   harassment.

3   34.  In or around January 2008, another student modified a photograph to make it
4   appear that Plaintiff was kissing another man.  The photograph was posted in the Aberdeen
5   High School locker room, was visible to students and staff, and was transmitted between
6   students at the school through their cell-phones.  Though aware of the harassing photograph,
7   the School District did nothing to investigate the incident, impose any discipline on the
8   responsible students, or take any other steps reasonably calculated to end the harassment.
9   On information and belief, the photograph was created using Aberdeen High School
10  computers.

11  35.  During his senior year at Aberdeen High School, Plaintiff continued to be
12  subjected to harassment by other students. Other students made mocking comments and
13  gestures, including talking about Plaintiff's "man tits" and mocking his way of walking.

**C.   PLAINTIFF WAS DISCOURAGED FROM REPORTING HARASSMENT**

36.  In or around the fall of 2005, near the beginning of Plaintiff's first year at
Aberdeen High School, then-assistant principal Rocky Rocquin discouraged Plaintiff from
reporting misconduct engaged in by Plaintiff's peers.

37.  In spite of Rocquin's discouragement, during his years at Aberdeen High
School, Plaintiff and his parents repeatedly reported incidents of harassment to School District
administrators either verbally or in writing, or both.  The School District failed to respond
adequately to these complaints.  The School District either did not conduct investigations into
the reported incidents, did not impose discipline on the students involved in the harassment,

*Complaint (3:10-cv-5886) - 7*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

or did not take other steps reasonably designed to put an end to the ongoing harassment of Plaintiff.

38.     The School District's unreasonable and deliberate indifference to the ongoing harassment created a hostile educational environment.

### D.     THE SCHOOL DISTRICT TREATED HARASSMENT BASED ON PERCEIVED SEXUAL ORIENTATION DIFFERENTLY FROM OTHER FORMS OF HARASSMENT

39.     During his years at Aberdeen High School, much of the harassment was directed at Plaintiff's sex, perceived sexual orientation, and failure to conform to gender stereotypes.

40.     The School District failed to equally enforce its anti-harassment and anti-bullying policy when Plaintiff reported incidents involving sexual or perceived sexual orientation harassment.

41.     In or around the fall of 2007 and spring of 2008, when the School District learned of students calling each other "nigger" at Miller Junior High School, the School District acknowledged that use of racial slurs was unacceptable and initiated an investigation in response to complaints about the use of the racial slur.  In contrast, the School District failed to even initiate investigation into the harassment of Plaintiff based on his sex and perceived sexual orientation.

### E.     PLAINTIFF SUFFERED INJURY FROM THE HARASSMENT

42.     As a result of the School District's unreasonable and deliberate indifference to the ongoing, severe, and persistent harassment, Plaintiff was denied access to an equal educational opportunity. His academic progress was hindered, he was isolated at school, he

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

felt discouraged from using his locker, and he avoided extra-curricular activities that put him in contact with his peers.

43. The School District's intentional, deliberate, and unreasonable failure to take reasonable remedial steps in response to the harassment caused Plaintiff to suffer extreme emotional distress and psychological damage, including but not limited to an inability to concentrate on studies, depression, fear, despair, anger, humiliation, and anxiety, all of which were ongoing hardships. Reporting harassment and discrimination to adults and having the reports ignored or rejected was humiliating and degrading for Plaintiff.

44. As a direct, legal, and proximate result of the School District's violations of Plaintiff's statutory rights, Plaintiff has been damaged in an amount to be determined at trial.

### IV.   CAUSES OF ACTION

**First Cause of Action:
Violation of Title VI of the Civil Rights Act of 1964**

45. Plaintiff alleges all the foregoing allegations and incorporates them herein by reference.

46. Plaintiff, an African-American, is a member of a protected class.

47. The School District receives financial assistance from the United States Department of Education and is therefore subject to suit under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI").

48. The School District violated Title VI by being deliberately indifferent to the maintenance of a racially hostile educational environment.

49. Plaintiff has suffered racial harassment that is severe, pervasive, and objectively offensive, resulting in a racially hostile educational environment. As a result,

*Complaint (3:10-cv-5886) - 9*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Plaintiff has been deprived of access to educational benefits and opportunities provided to other students in violation of Title VI.

50. The School District exercised control over students in attendance at its schools as well as the context in which the racially hostile environment was created.

51. The School District had actual notice of the racially hostile educational environment. The District had the authority to address it and take corrective action.

52. The School District was deliberately indifferent to the known racially hostile educational environment. The School District's clearly unreasonable response deprived Plaintiff of an equal opportunity to access the School District's educational program.

53. Plaintiff has suffered damages as a result of the School District's violations of Title VI as set forth above.

**Second Cause of Action:**
**Violation of Title IX of the Education Amendments of 1972**

54. Plaintiff alleges all the foregoing allegations and incorporates them herein by reference.

55. The School District receives financial assistance from the United States Department of Education and is therefore subject to suit under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").

56. Plaintiff suffered sexual harassment by other students in the School District that was severe, pervasive, and objectively offensive, resulting in a hostile educational environment.

*Complaint (3:10-cv-5886)* - 10

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

57. The School District exercised substantial control over the students responsible for the sexual harassment of Plaintiff as well as the context in which the harassment took place.

58. The School District had actual notice of the harassment and had the authority to address the harassment and take corrective action.

59. The School District was deliberately indifferent to the sexual harassment.

60. As a result of the School District's deliberate indifference, Plaintiff was deprived of access to educational benefits and opportunities provided to other students in violation of Title IX.

61. Plaintiff has suffered injury as a result of the School District's violations of Title IX as set forth above.

### Third Cause of Action:
### Violation of Washington Law Against Discrimination - Unlawful Discrimination on the Basis of Race, Sex, and Perceived Sexual Orientation

62. Plaintiff alleges all the foregoing allegations and incorporates them herein by reference.

63. Plaintiff, an African-American, is a member of a protected class.

64. Plaintiff has suffered harm from severe and persistent harassment on the basis of his race, sex, and perceived sexual orientation and from the maintenance of a hostile educational environment.

65. Incidents of racial, sexual, and sexual orientation harassment at Miller Junior High School and Aberdeen High School were sufficiently severe and pervasive as to create a hostile educational environment.

*Complaint (3:10-cv-5886) - 11*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

66. The School District knew or should have known of the severe and pervasive harassment and hostile educational environment.

67. The School District's response to the known harassment and hostile educational environment was neither reasonably prompt nor adequate, and the School District thereby violated the Washington Law Against Discrimination, Chapter 49.60 R.C.W.("WLAD").

68. All schools and educational facilities operated by a school district are places of public accommodation or assemblage for purposes of WLAD.

69. A school district's failure or refusal to provide equal education opportunities to children constitutes an unfair and discriminatory practice under WLAD.

70. The School District violated WLAD by failing to prevent or put an end to the harassment and hostile educational environment that denied Plaintiff equal opportunity and access to the educational programs and services provided by the School District.

**Fourth Cause of Action:**
**Negligence – Breach of the School District's Special Duty to Protect Students from Foreseeable or Reasonably Anticipated Dangers or Harm**

71. Plaintiff alleges all the foregoing allegations and incorporates them herein by reference.

72. Schools in Washington have a special duty to protect students in their custody from reasonably anticipated dangers or harms.

73. The School District breached its special duty to protect Plaintiff from reasonably anticipated or foreseeable dangers or harms by failing to take effective actions or steps to put an end to the hostile educational environment and the severe and pervasive

*Complaint (3:10-cv-5886)* - 12

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

harassment of Plaintiff on the basis of his race, sex, and perceived sexual orientation by other students enrolled in the School District.  The School District's failures include failure to design and implement effective anti-harassment policies and practices, failure to properly and adequately discipline students who engage in harassment of other students, failure to properly train staff and employees, failure to properly investigate the claims of Plaintiff and his parents, and failure to properly supervise staff, employees and students.

74. The School District's breach of duty was the proximate cause of actual harm to Plaintiff.

### Fifth Cause of Action:
### Outrage

75. Plaintiff alleges all the foregoing allegations and incorporates them herein by reference.

76. The School District engaged in extreme and outrageous conduct toward Plaintiff.  The School District intentionally or recklessly inflicted emotional distress upon Plaintiff.  Such conduct by the School District resulted in severe emotional distress to Plaintiff that manifested in physical problems.

### V. PRAYER FOR RELIEF

Plaintiff respectfully prays for judgment as follows:

1. An award of compensatory damages and consequential damages to Plaintiff for harm suffered, opportunities denied, and deprivation of rights in an amount to be proven at trial;

2. An award of Plaintiff's expenses, costs, and reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable provision of federal or state law; and

*Complaint (3:10-cv-5886) - 13*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

3. Such other and further relief as the Court deems just and proper.

DATED this 7th day of December, 2010.

    HILLIS CLARK MARTIN & PETERSON P.S.


By   s/ Michael R. Scott
    Michael R. Scott, WSBA #12822
    Joseph A.G. Sakay, WSBA #24667
    Alexander M. Wu, WSBA #40649
    Hillis Clark Martin & Peterson, P.S.
    1221 Second Avenue, Suite 500
    Seattle, Washington 98101-2925
    Telephone: (206) 623-1745
    Facsimile: (206) 623-7789
    Email: mrs@hcmp.com; jas@hcmp.com; amw@hcmp.com


AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION
    Sarah A. Dunne, WSBA #34869
    M. Rose Spidell, WSBA #36038
    American Civil Liberties Union of Washington
    901 Fifth Avenue, Suite 630
    Seattle, WA 98164
    Telephone: (206) 624-2184
    Facsimile: (206) 624-2190
    Email: dunne@aclu-wa.org; spidell@aclu-wa.org

Attorneys for Plaintiff Russell Dickerson III

*Complaint (3:10-cv-5886) - 14*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789